UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**PATRICIA EMUZE,**

          **Plaintiff,**

v.                                                                            Civil Action No. 2:04cv754

**UNITED STATES OF AMERICA,**

          **Defendant.**

### ORDER and OPINION

      This matter is before the court on defendant's, United States of America, "Motion to Dismiss Count I, or in the Alternative, Summary Judgment, and to Transfer Count II", filed on July 29, 2005. The defendant asks the court to dismiss Count I based on the plaintiff's failure to present the claim within the two year statute of limitations, and to transfer Count II from the Eastern District of Virginia because venue is improper. After examination of the briefs and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument. Based on the agreed "Order of Dismissal of Count I of the Complaint" filed by the parties on September 14, 2005, the defendant's motion to dismiss, or in the alternative, summary judgment is **MOOT.** However, the court **GRANTS** the defendant's motion to transfer Count II and, accordingly, **TRANSFERS** Count II to the United States District Court for the Western District of Texas, San Antonio Division.

### I.  FACTUAL BACKGROUND

      On December 16, 2004, the plaintiff brought the instant action alleging two distinct medical

malpractice claims. In Count I, the plaintiff claims that military neurological care providers at Naval Medical Center Portsmouth ("NMCP") failed to promptly treat her pseudotumor cerebri condition resulting in her loss of her peripheral vision. In Count II, she claims that military medical providers at Walter Reed Army Medical Center ("WRAMC") negligently punctured her kidney while conducting a lumbar puncture.

On July 29, 2005, the government filed the instant "Motion to Dismiss Count I, or in the Alternative, Summary Judgment, and to Transfer Count II". In its brief, the government contends that this court should dismiss Count I because the plaintiff failed to present her claim to the government within the statute of limitations prescribed in 28 U.S.C. § 2401(b). Because the parties have entered into an agreed order of dismissal as to Count I, the court need not address the government's first argument. However, the government further claims that, without Count I, venue is no longer proper in the Eastern District of Virginia. Thus, the government asks this court to transfer Count II from the Eastern District of Virginia to either Washington D.C., where the alleged malpractice in Count II occurred, or Texas, where the plaintiff resides.

On August 16, 2005, the plaintiff filed her response to the defendant's motion. As to Count I, although the plaintiff does not concede that her claim was not brought within the applicable statute of limitations, she concedes that, in light of evidence disclosed by the defendant in its motion, she cannot state a cause of action. Thus, she has entered into the above mentioned order of dismissal as to Count I. However, as to Count II, the plaintiff contends that her case should remain in the Eastern District of Virginia because a court date has already been set for November 1, 2005; one of the doctors involved in the attempted spinal tap procedure is now stationed at Oceana Naval Air Station in Virginia Beach, Virginia; and none of the other health care providers involved in the procedure

are still located at Walter Reed Army Medical Center. On August 23, 2005, the government filed its reply brief. Thus, the motion to transfer is ripe for review.

## II.   DISCUSSION

Section 1402(b) provides, "[a]ny civil action on a tort claim against the United States under subsection (b) of [28 U.S.C.] section 1346 . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Where "the act or omission complained of occurred" refers to the location where the negligent conduct took place; it does not include places that are only somewhat connected to negligent activity. Lopez v. United States, 68 F.Supp.2d 688, 692 (M.D.N.C. 1999)(citing Richards v. United States, 369 U.S. 1, 9-10 (1962)).

In this case, the plaintiff is suing the United States pursuant to 28 U.S.C. § 1346(b) for injury suffered during an allegedly negligent lumbar puncture procedure at WRAMC. Thus, section 1402(b) applies, and the case may only be prosecuted in the district where the plaintiff resides or where the act or omission complained of occurred. There is no dispute in this case that the alleged negligent act occurred on October 13, 1998 at WRAMC during a lumber puncture procedure. Although the plaintiff was referred to WRAMC by her doctor, Mary Borses, at the MacDonald Army Community Hospital ("MACH") at Fort Eustis, Virginia, the plaintiff does not allege any negligence on the part of Dr. Borses, or anyone at MACH. Thus, the plaintiff cannot demonstrate that the Eastern District of Virginia is a proper venue under section 1402(b). See Lopez, 68 F.Supp.2d at 692 (M.D.N.C. 1999)(for purposes of section 1402(b), alleged medical malpractice occurred at location where inmate was treated, not where he was transferred); Forest v. United States, 539 F.Supp. 171 (D. Mon.1982) (in case involving plane crash, the proper venue was Montana, where pilot received

faulty flight information, not in Utah, where the information was transmitted).

Furthermore, the plaintiff has resided in Texas since at least June of 2001, as evidenced by her medical records from Brooke Army Medical Center at Fort Sam Houston, Texas. Hence, the plaintiff lived outside of the Eastern District of Virginia for at least three years before she filed the instant suit. In light of this information, the plaintiff's case should not be heard in the Eastern District of Virginia. Instead, a proper venue would be either the District of Columbia or the Western District of Texas, San Antonio Division.[1]

Yet, the plaintiff contends that the court should not transfer this case from the Eastern District of Virginia because the court has already set a trial date and the parties have undertaken substantial discovery. The plaintiff believes that, at this time, it would be a waste to transfer this case to another district. Furthermore, she argues that the Eastern District of Virginia is a convenient forum because one of the doctors involved in the spinal tap is now stationed at Oceana Naval Air Station in Virginia Beach, Virginia. However, the plaintiff's stated reasons are not sufficient to keep the case in the Eastern District of Virginia. The court is bound to follow the law, and the law states that, absent the defendant's waiver of venue, such a claim may be "prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

Because the plaintiff now resides in Texas and none of the individuals involved in the lumbar puncture procedural are still stationed at WRAMC, the court finds that the Western District

---

[1] Because the plaintiff lives in Texas and has received treatment from Brooke Army Medical Center at Fort Sam Houston, the court assumes that the plaintiff resides near San Antonio, Texas. However, if this assumption is incorrect and the plaintiff resides in another federal district or division in Texas that is outside the Western District of Texas, San Antonio Division, the plaintiff's counsel must inform this court of the plaintiff's correct residence within five days of the date of this order.

of Texas, San Antonio Division is the most appropriate venue for this case. Accordingly, for the reasons set forth above, the defendant's motion to transfer Count II is **GRANTED**, and this case is hereby **TRANSFERRED** to the Western District of Texas, San Antonio Division for all further proceedings. The defendant's motion to dismiss, or in the alternative, summary judgment as to Count I is **MOOT.**

The Clerk is **DIRECTED** to send a copy of this Order to all counsel and to forward the entire case file to the United States District Court for the Western District of Texas, San Antonio Division.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

September 15, 2005
Norfolk, Virginia